J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Louis Vuitton Malletier, S.A., | ) Case No.: |
| --- | --- |
| Plaintiff, | ) |
| | ) Complaint For Trademark Infringement; |
| v. | ) Copyright Infringement; Contributory |
| | ) and Vicarious Trademark Infringement; |
| Doktor Gurson, an individual and d/b/a | ) Contributory and Vicarious Copyright |
| InexpensiveDomains; InexpensiveDomains.com, | ) Infringement |
| LLC, a California limited liability company; | ) |
| Tracy Jackson a/k/a Tracy Oakley, an individual | ) |
| and d/b/a TopOfTheLineFashions; and Does 1 | ) |
| through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton" or "Plaintiff") for its complaint alleges as follows:

**I. Jurisdiction and Venue**

1.   The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for (i) direct, contributory and vicarious trademark infringement; and (ii) direct, contributory and vicarious copyright infringement.

2.   This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338.

3. This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of California and, as to the entities, do business, are incorporated, and/or are authorized to do business in the State of California.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## II. Introduction

5. This case concerns the deliberate theft of world famous intellectual properties owned by Louis Vuitton. Defendant Tracy Jackson a/k/a Tracy Oakley, an individual and d/b/a TopOfTheLineFashions and Does 1 through 5, inclusive (collectively the "Jackson Defendants") operate a website, www.topofthelinefashions.com, (the "Website") which offers for sale counterfeit merchandise bearing Louis Vuitton's famous trademarks. The Jackson Defendants are engaged in the manufacture, importation, distribution, promotion, sale and offer for sale of handbags and accessories, which incorporate unauthorized likenesses of intellectual properties owned by Louis Vuitton ("Infringing Product").

6. The substantial profits to be reaped from piracy and counterfeiting have led to the creation, development and proliferation of websites and of related business models, the object of which is to capitalize on world famous trademarks and copyrights owned by others, including those owned by Louis Vuitton. The opportunities created by the Internet have led to a dramatic increase in the opportunities to profit from such activity. These opportunities rely upon the active participation and contribution of third parties which make such illegal activities possible.

7. In particular, the promotion of infringing product and the offer of product for sale occurs through communications published on the Internet. These promotions, advertisements and offers are often published on websites which can be accessed by entering Internet addresses or through hypertext links which direct Internet users to websites containing such offers. Communications designed to complete sales of such infringing merchandise are transmitted over servers which host these same websites.

8. Defendants Doktor Gurson, an individual and d/b/a InexpensiveDomains, InexpensiveDomains.com, LLC and Does 6 through 10, inclusive (collectively the "ISP

Defendants") (The Jackson Defendants and the ISP Defendants are collectively referred to as the "Defendants") operate servers hosting websites specifically including the Website. The ISP Defendants knowingly aid and abet the distribution and sale of counterfeit and infringing merchandise through the provision of Internet hosting services and they do so knowingly and despite having been provided with full notice of such conduct. Louis Vuitton is informed and believes that the ISP Defendants benefit financially from the services they render hosting websites which offer counterfeit Louis Vuitton merchandise and through which sales of such merchandise are consummated.

### III. The Parties: Louis Vuitton

9. Louis Vuitton is organized and existing under the laws of the Republic of France, with its principal place of business in Paris, France. Louis Vuitton owns the trademarks and trade names "LOUIS VUITTON" and "LV", among others (hereinafter collectively referred to as "Louis Vuitton's Trademarks"). Louis Vuitton has engaged in services using Louis Vuitton's Trademarks and Louis Vuitton is the exclusive distributor in the United States of handbags, luggage and accessories, all of which bear one or more of Louis Vuitton's Trademarks. Louis Vuitton distributes authentic product online through www.eluxury.com and www.louisvuitton.com.

10. Louis Vuitton is the sole and exclusive distributor in the United States of leather goods bearing Louis Vuitton's Trademarks, which are exclusively manufactured in France, Spain and San Dimas, California. Louis Vuitton is engaged in the manufacture, sale and distribution in interstate and foreign commerce of prestigious high-quality, luxury merchandise, including a wide variety of luggage, handbags, trunks, garment bags, wallets, small leather goods, apparel and other similar items sold throughout the United States in Louis Vuitton boutiques, and high quality retail stores such as Saks Fifth Avenue, Neiman Marcus and Bloomingdale's that contain departments operated by Louis Vuitton and staffed by Louis Vuitton's personnel.

11. Louis Vuitton is responsible for assembling, finishing, marketing and selling in interstate commerce high quality handbags, luggage, accessories and related products and/or services for men and women. Louis Vuitton has acquired an outstanding reputation because of the

uniform high quality of its handbags, luggage and accessories and the boutiques through which Louis Vuitton sells these products.

12. As a result of the Louis Vuitton boutiques, extensive advertising of Louis Vuitton in connection with Louis Vuitton's intellectual properties, the widespread sale of Louis Vuitton merchandise and the celebrity that Louis Vuitton and Louis Vuitton's intellectual properties have achieved, Louis Vuitton boutiques, handbags, luggage and accessories, all utilizing and/or bearing one or more of Louis Vuitton's intellectual properties have been and are now recognized by the public and the trade as originating from Louis Vuitton.

13. Commencing at least as early as 1932, Louis Vuitton adopted one or more of Louis Vuitton's Trademarks for handbags, luggage, accessories and related products and caused said trademarks to be registered in the United States Patent and Trademark Office.

14. Louis Vuitton is the owner of all rights in and to numerous trademarks including, but not limited to, Louis Vuitton's Trademarks that are the subject of the following trademark registrations:

| TRADEMARK | REGISTRATION NUMBER | TRADEMARK PICTURE | CLASS OF GOODS |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) in a Circle Design | 286,345 | | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 297,594 | | 18 |
| LOUIS VUITTON | 1,045,932 | LOUIS VUITTON | 18 |

| Trademark | Registration Number | Trademark Picture | Class of Goods |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) Design | 1,519,828 | | 18 |
| LOUIS VUITTON MALLETIER A PARIS in Rectangle | 1,615,681 | | 16, 18 |
| Louis Vuitton (Interlocked Letters) on Epi Leather Design | 1,655,564 | | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Pattern Design | 1,770,131 | | 25 |
| Louis Vuitton (Interlocked Letters) Design | 1,794,905 | | 16, 25 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 1,875,198 | | 16 |

| Trademark | Registration Number | Trademark Picture | Class of Goods |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) | 1,938,808 | LV | 14, 24 |
| LOUIS VUITTON World Mark | 1,990,760 | LOUIS VUITTON | 16, 18, 24, 25 |
| Louis Vuitton (Interlocked Letters) Design | 2,291,907 | LV | 34 |
| LOUIS VUITTON | 2,303,212 | LOUIS VUITTON | 34 |
| Louis Vuitton (Interlocked Letters) Design | 2,361,695 | LV | 25 |
| LOUIS VUITTON PARIS and Damier (pattern design) | 2,378,388 | [Damier pattern] | 18 |

15. Louis Vuitton's Trademarks are in full force and effect, and are used and have never been abandoned. Louis Vuitton intends to continue to preserve and maintain its rights with respect to Louis Vuitton's Trademarks.

16. Louis Vuitton's products utilizing and/or bearing one or more of Louis Vuitton's Trademarks, by reason of their style, distinctive designs and quality have come to be known by the purchasing public throughout the United States as being of the highest quality. As a result thereof, Louis Vuitton's Trademarks and the goodwill associated therewith are of inestimable value to Louis Vuitton.

17. Based on the Louis Vuitton boutiques and the extensive sales of Louis Vuitton's products and their wide popularity, Louis Vuitton's Trademarks have developed a secondary meaning and significance in the minds of the purchasing public, and the services and products utilizing and/or bearing such marks and names are immediately identified by the purchasing public with Louis Vuitton.

18. Those trademarks are vital to Louis Vuitton, and Louis Vuitton will suffer irreparable harm if any third parties, including Defendants herein, are allowed to continue engaging in services and selling infringing goods utilizing and/or bearing identical or substantially similar trademarks.

19. Louis Vuitton has also registered its copyrights in the United States Copyright Office and uses those copyrights in connection with its sale of luxury products. A significant aspect of Louis Vuitton's business is the merchandising of product incorporating the distinctive elements associated with its luxury goods.

20. The revenue from products that bear Louis Vuitton designs and are sold in the United States is substantial. The appearance and other features of the Louis Vuitton designs are inherently distinctive. The design, configuration, and distinctive features of the Louis Vuitton copyrighted works, and of works related thereto (hereinafter collectively, the "Louis Vuitton Copyrights"), are wholly original with Louis Vuitton and, as fixed in various tangible media, including merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., Sections 101 et seq. Louis Vuitton is the owner of the Louis Vuitton Copyrights, which, as featured in connection with various merchandise, are copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. (Louis Vuitton's Trademarks and the Louis

Vuitton Copyrights are hereinafter collectively referred to as the "Louis Vuitton Intellectual Properties").

21. Louis Vuitton has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Louis Vuitton Copyrights. Louis Vuitton owns certificates of registration for works in which the Louis Vuitton Copyrights appear. Copyright registrations secured by Louis Vuitton for the Louis Vuitton Copyrights include:

| Copyright | Reg. No. | Date Published | Date Registered |
|---|---|---|---|
| Multicolor Monogram – Black Print | VA 1-250-121 | 12/18/02 | 06/24/04 |
| Multicolor Monogram – White Print | VA 1-250-120 | 12/18/02 | 06/24/04 |

22. Products featuring the Louis Vuitton Copyrights that are manufactured, sold, and distributed by Louis Vuitton or under its authority have been manufactured, sold, and distributed in conformity with the provisions of the copyright laws. Louis Vuitton and those acting under its authority have complied with their obligations under the copyright laws and Louis Vuitton, in its own right or as successor-in-interest, has at all times been the sole proprietor or otherwise authorized to enforce all right, title, and interest in and to the copyrights in the Louis Vuitton Copyrights.

23. Louis Vuitton maintains strict quality control standards for all its products. All genuine Louis Vuitton products are inspected and approved by Louis Vuitton prior to distribution and sale and are sold only through Louis Vuitton stores and Louis Vuitton boutiques within department stores such as Saks Fifth Avenue, Neiman Marcus, and Bloomingdales, ELuxury.com and its own website louisvuitton.com. No Louis Vuitton product is sold by anyone other than Louis Vuitton. By definition, any new (i.e. unused) product bearing any of the Louis Vuitton

Intellectual Properties that is sold anywhere other than at a Louis Vuitton store (or ELuxury.com or louisvuitton.com) is not a genuine Louis Vuitton product but rather a counterfeit product. Louis Vuitton does not sell its high-end products through licensees or franchisees and Louis Vuitton has not authorized independent retail vendors to engage in services and advertising utilizing and/or displaying the Louis Vuitton Intellectual Properties

24. At great expense, Louis Vuitton has created, developed, manufactured, advertised, and marketed its products in such a way that they convey and are associated with luxury products that meet the highest standards and are used by celebrities and dignitaries around the world.

25. Louis Vuitton's goods, so marked, continue to be recognized by the fashion industry and public as those of Louis Vuitton.

26. The Louis Vuitton Intellectual Properties and the goodwill of Louis Vuitton's business in connection with its trademarks and copyrights are continuously used and have never been abandoned.

### IV. The Parties: Defendants

27. Louis Vuitton is informed and believes and based thereon alleges that Defendant Doktor Gurson, an individual and d/b/a InexpensiveDomains ("Gurson") is an individual resident in the City of Brentwood, County of Contra Costa and State of California. Louis Vuitton is further informed and believes and based thereon alleges that Gurson does business under numerous fictitious business designations, including but not limited to InexpensiveDomains, Webhost.com; Hostsure.com; 12-Domain-Name-Registration; Search Submitter and @ Com Technology.

28. Louis Vuitton is informed and believes and based thereon alleges that Inexpensive Domains.com, LLC, is a California limited liability company with its principal place of business in the City of Walnut Creek, County of Contra Costa and State of California.

29. Louis Vuitton is informed and believes that the Defendant Tracy Jackson, also known as Tracy Oakley ("Jackson"), is an individual resident in the City and County of Bakersfield, California. Louis Vuitton is further informed and believes that Jackson does business under the style and fictitious business designation TopOfTheLineFashions.com.

30.  Louis Vuitton is informed and believes, and upon that basis alleges, that at all relevant times each of the defendants Does 1 through 10, inclusive, are unknown to Louis Vuitton, who therefore sues such Doe defendants as individuals and/or business entities, agents, partners, and/or employees of the named Defendants, which, in taking the actions alleged in this Complaint, were acting within the scope of such agency, partnership, and/or employment.

## V.  The Infringing Activities

31.  Long after Louis Vuitton's adoption and use of its trademarks in connection with services and on products and long after federal registration of Louis Vuitton's Intellectual Properties, Defendants, commenced the manufacture, distribution, advertising, offering for sale and/or sale of Infringing Product.

32.  The Jackson Defendants' activities constitute willful and intentional counterfeiting of Louis Vuitton's Intellectual Properties, are in total disregard of Louis Vuitton's rights and were commenced and have continued in spite of notice provided to the Jackson Defendants regarding their illegal conduct and the Jackson Defendants' knowledge that the use of any of Louis Vuitton's Intellectual Properties or a copy or a copy thereof, was and is in direct contravention of Louis Vuitton's rights.

33.  The use by the Jackson Defendants of a copy of Louis Vuitton's Intellectual Properties has been without the consent of Louis Vuitton; is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by defendants are authorized, sponsored, or approved by Louis Vuitton when, in fact, they are not.

34.  Louis Vuitton has no adequate remedy at law and is suffering irreparable harm and damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

35.  The ISP Defendants host the Website and make sales of Infringing Product over the Website, facilitating all variety of communications with actual and prospective customers and specifically including payment to the Jackson Defendants. The Website offers, promotes, advertises and facilitates the offer and sale of counterfeit merchandise which infringes the

intellectual property rights of Louis Vuitton, among others. The Website publishes unauthorized reproductions of the Louis Vuitton Intellectual Properties to promote the sale of counterfeit merchandise, including the Infringing Product. Louis Vuitton is informed and believes that the servers upon which the Website is hosted is also used to transmit communications by and between the Jackson Defendants and their customers.

36. The ISP Defendants have been repeatedly placed on notice of the counterfeit activity which occurs using the hosting services offered by them. Louis Vuitton has not granted any of the Defendants license to use or exploit any of the Louis Vuitton Intellectual Properties. The ISP Defendants have taken no steps to limit, curtail, disable, stop or otherwise discontinue the services they provide which make such infringing activity possible. Louis Vuitton is informed and believes that the ISP Defendants generate revenue and profit from the Internet traffic and counterfeit sales which occur as a result of their hosting activity.

37. Louis Vuitton has no adequate remedy at law and is suffering irreparable harm and damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## FIRST CLAIM FOR RELIEF

### For Trademark Infringement

### Against The Jackson Defendants

38. Plaintiff repeats and re-alleges all of the allegations contained in paragraphs 1 through 37, inclusive as though fully set forth herein.

39. Louis Vuitton owns the exclusive trademark rights to Louis Vuitton's Trademarks. All of Louis Vuitton's Trademark registrations are in full force and effect and are owned by Louis Vuitton and have not been abandoned and are widely used by Louis Vuitton throughout the United States. In many cases the trademarks have become incontestable pursuant to 15 U.S.C. §1065.

40. Notwithstanding Louis Vuitton's well-known and prior common law and statutory rights in Louis Vuitton's Trademarks, the Jackson Defendants have, with actual notice of Louis Vuitton's federal trademark registration rights, and long after the Louis Vuitton established its

rights in the trademarks, adopted and used the trademarks in the State of California and in interstate commerce.

41. The Jackson Defendants have engaged in services and manufactured, distributed, advertised, offered for sale and sold merchandise, utilizing and/or bearing Louis Vuitton's Trademarks without the authorization of Louis Vuitton, and have continued to infringe Louis Vuitton's Trademarks, thus creating a likelihood of confusion, deception and mistake.

42. The Jackson Defendants' activities constitute willful and intentional infringing use of Louis Vuitton's Trademarks and were done in spite of the Jackson Defendants' knowledge that the use of Louis Vuitton's Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof, was and is in direct contravention of Louis Vuitton's rights.

43. Louis Vuitton has no adequate remedy at law and is suffering irreparable harm and damage as a result of the Jackson Defendants' acts complained of herein in an amount thus far not determined.

## SECOND CLAIM FOR RELIEF

### For Copyright Infringement

### Against The Jackson Defendants

44. Louis Vuitton repeats and re-alleges all of the allegations contained in paragraphs 1 through 37, inclusive, as though fully set forth herein.

45. The Jackson Defendants copied, reproduced, distributed, advertised and/or sold and continue to copy reproduce, distribute, advertise and/or sell the Infringing Product which includes unauthorized copies of the Louis Vuitton copyrights. The copies sold by the Jackson Defendants are obviously counterfeit.

46. The Jackson Defendants have not been authorized by Louis Vuitton to reproduce, distribute, sell or offer for sale any of the Louis Vuitton Copyrights.

47. By engaging in this conduct, the Jackson Defendants have acted in willful disregard of laws protecting Louis Vuitton's copyrights. Louis Vuitton has sustained and will continue to

sustain substantial damage to the value of its creative works, specifically including the Louis Vuitton Copyrights.

48. Louis Vuitton is informed and believes, and upon that basis alleges, that the Jackson Defendants have obtained gains, profits and advantages as a result of their infringing activity in amounts within the jurisdiction of the Court.

49. Louis Vuitton is informed and believes, and upon that basis alleges, that it has suffered and continues to suffer direct and actual damages as a result of the Jackson Defendants' infringing conduct, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Louis Vuitton will require an accounting from each Defendant of all monies generated from the promotion, display, sale and offer for sale of the Jackson Defendants' goods and services using the Louis Vuitton Copyrights. In the alternative, Louis Vuitton may elect to recover statutory damages pursuant to 17 U.S.C. § 504 (c) for each of the Louis Vuitton Copyrights infringed.

50. Louis Vuitton has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts. Louis Vuitton is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the Jackson Defendants' infringing activity will continue, with attendant irreparable harm to Louis Vuitton. Accordingly, Louis Vuitton seeks preliminary and permanent injunctive relief pursuant to 17 U.S.C § 502 and seizure of the Infringing Product as provided by 17 U.S.C. § 503.

51. By reason of the foregoing, Louis Vuitton has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims, which attorneys' fees and costs Louis Vuitton is entitled to recover from the Jackson Defendants, and each of them, pursuant to 17 U.S.C. § 505.

///
///
///
///

## THIRD CLAIM FOR RELIEF

### For Contributory Trademark Infringement

### Against the ISP Defendants

52. Louis Vuitton repeats and re-alleges all of the allegations contained in paragraphs 1 through 37, inclusive, as though fully set forth herein.

53. The Website is engaging in illegal conduct including but not necessarily limited to the promotion, advertisement, offer for sale, sale and distribution of counterfeit goods in violation of the Lanham Act, as amended.

54. The ISP Defendants have actual knowledge of the Website's illegal activities from, among other things, written notification by counsel and agents for Louis Vuitton.

55. The ISP Defendants have deliberately disregarded these notifications and have otherwise consciously avoided learning about the full extent of illegal counterfeiting and infringing activities that are continuing at the Website.

56. The ISP Defendants have materially encouraged, enabled, and contributed to the infringing conduct at the Website by, among other things, hosting the Website, displaying offers for counterfeit products, and facilitating communications by and between the sellers of counterfeit goods over the Website with their distributors, consumers and vendors.

57. The ISP Defendants therefore bear contributory liability for the Website's counterfeiting of the Louis Vuitton's Intellectual Properties in violation of 15 U.S.C. § 1051, et seq. and the common law.

58. Louis Vuitton has no adequate remedy at law and has suffered irreparable harm and damage as a result of the contributory counterfeiting conduct of the ISP Defendants.

59. Louis Vuitton has sustained damages as a result of the ISP Defendants' wrongful contributory conduct in an amount to be ascertained at trial but in no event less than One Million Dollars ($1,000,000) per trademark per counterfeited.

///

///

## FOURTH CLAIM FOR RELIEF

### For Vicarious Trademark Counterfeiting

### Against the ISP Defendants

60. Louis Vuitton repeats and re-alleges all of the allegations contained in paragraphs 1 through 37 and 53 through 59, inclusive, as though fully set forth herein.

61. The illegal sales of products that infringe on the Louis Vuitton's Intellectual Properties have generated enormous revenues for the Website.

62. Despite the ISP Defendants' ability, duty and right to control the Website, they have taken no steps to stop or otherwise prevent the ongoing counterfeiting at the websites operated by the Website or to disconnect links directing its users to such websites.

63. The ISP Defendants are therefore vicariously liable for the damages caused to Louis Vuitton as a result of the illegal promotion, advertisement, offer for sale and/or sale of counterfeit merchandise at the Website in violation of 15 U.S.C. § 1051, et seq. and the common law.

64. Louis Vuitton has sustained damages as a result of the ISP Defendants' wrongful vicarious conduct in an amount to be determined at trial but in no event less than One Million Dollars ($1,000,000) per trademark per counterfeited.

## FIFTH CLAIM FOR RELIEF

### Contributory and Vicarious Copyright Piracy

### Against the ISP Defendants

65. Louis Vuitton repeats and re-alleges all of the allegations contained in paragraphs 1 through 37 and 45 through 51, inclusive, as though fully set forth herein.

66. Louis Vuitton is informed and believes that the ISP Defendants earn revenues for hosting the Website. The ISP Defendants do so pursuant to terms of use which permit them to discontinue links through websites offering product infringing the rights of third parties.

67. The ISP Defendants have actual knowledge of the illegal acts of the Jackson Defendants occurring through the Websites from, among other things, written notification from

Louis Vuitton. The ISP Defendants have therefore deliberately disregarded and otherwise consciously avoided learning about the full extent of illegal counterfeiting and infringing activities that are continuing at the Website.

68. The ISP Defendants have knowingly and willfully permitted and continue to permit the Website to sell and offer for sale unauthorized copies of products bearing the Louis Vuitton Intellectual Properties at the Website.

69. The ISP Defendants have therefore materially encouraged, enabled, and contributed to the infringing conduct at the Website.

70. Louis Vuitton has sustained, and will continue to sustain, substantial injuries, loss, and damage to its exclusive rights in the Louis Vuitton Copyrights, and Louis Vuitton has sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder as a result of the ISP Defendants' wrongful conduct in an amount to be determined at trial but in no event less than One Hundred Fifty Thousand Dollars ($150,000) per copyright infringed.

**PRAYER FOR RELIEF**

WHEREFORE, Louis Vuitton demands:

1) That Defendants and their officers, agents, servants, employees, representatives, successors, and assigns; and all other persons, firms, or corporations in active concert or participation with them who receive actual notice of this Order, be temporarily, preliminarily and permanently enjoined and restrained from:

    a) directly infringing Louis Vuitton's Intellectual Properties or any marks similar thereto, in any manner, including generally, but not limited to engaging in services and manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said properties and specifically:

        i) advertising, selling, and/or offering for sale any other unauthorized merchandise, which pictures, reproduces, or

utilizes the likenesses of or which copy or are likely to cause consumer confusion with any of Louis Vuitton's Intellectual Properties;

ii) hosting websites which offer product purporting to be Louis Vuitton's product or any imitation or replica thereof;

b) indirectly infringing the Louis Vuitton Intellectual Properties, in any manner, including generally, but not limited to engaging in services and manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said properties and specifically:

i) advertising, selling, and/or offering for sale any other unauthorized merchandise, which pictures, reproduces, or utilizes the likenesses of or which copy or are substantially similar to any of the Louis Vuitton Intellectual Properties;

ii) hosting websites which offer product purporting to be Louis Vuitton's product or any imitation or replica thereof;

c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs a) and b).

2) That Defendants be required to account to Louis Vuitton for all profits and damages resulting from Defendants' infringing activities and that the award to Louis Vuitton be increased as provided for under 15 U.S.C. §1117;

3) That Defendants pay over to Louis Vuitton in the alternative statutory damages pursuant to 15 U.S.C. § 1117(c);

4) That Louis Vuitton have a recovery from Defendants of the costs of this action and Louis Vuitton's reasonable attorneys' fees pursuant to 15 U.S.C. §1117(b);

5) That Defendants be required to account to Louis Vuitton for all profits and damages resulting from Defendants' respective infringing activities as provided for under 17 U.S.C. §504;

6) That Defendants pay over to Louis Vuitton in the alternative statutory damages pursuant to 15 U.S.C. § 504;

7) That Louis Vuitton have a recovery from Defendants of the costs of this action and Louis Vuitton's reasonable attorneys' fees pursuant to 17 U.S.C. §505;

8) That Louis Vuitton has all other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 13, 2007

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.