J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

Tracy Jackson a/k/a Tracy Oakley,
an individual and d/b/a TopOfTheLineFashions
2117 Fern Tree Court
Bakersfield, CA 93304

Defendant, *in pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>Doktor Gurson, an individual and d/b/a InexpensiveDomains, et al.,<br><br>　　　　　　　Defendants. | Case No. CV 07-6345 VRW<br><br>JOINT STIPULATION RE ENTRY OF CONSENT DECREE; [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION |

WHEREAS Louis Vuitton Malletier, S.A.("Louis Vuitton" or "Plaintiff") having filed a Complaint in this action charging Defendant Tracy Jackson a/k/a Tracy Oakley, an individual and d/b/a TopOfTheLineFashions ("Defendant") and others, for copyright and trademark infringement, and the parties signing hereto desiring and having agreed to settle the controversy between them.

Louis Vuitton and the Defendant, by and through Plaintiff's counsel of record and the Defendant, *in pro se,* stipulate and agree as follows:

1. That a Permanent Injunction and [Proposed] Consent Decree may be entered upon the terms set forth below.

2. The Defendant stipulates not to appeal the Consent Decree entered pursuant to this Stipulation and hereby waives all rights to appeal from it. The Defendant hereby waives any rights which she may have to request or to have a new trial or any rights which she may have to otherwise challenge, directly or collaterally, the Injunction entered pursuant to the terms of this Stipulation, unless there is a breach by Louis Vuitton of the Release and Settlement Agreement and this Stipulation.

3. The Defendant acknowledges that she has completely read the terms of this Stipulation and [Proposed] Order and fully understands the terms and consequences of the Stipulation and [Proposed] Order.

4. The waiver by a party to this Stipulation of the performance of any covenant, condition or promise herein shall not invalidate this Stipulation nor shall any such waiver be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Stipulation.

5. This Stipulation may be amended or modified only by a written instrument signed by all the Parties.

6. The claims for relief, and each of them, alleged by Louis Vuitton against the Defendant, shall be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7. This Stipulation shall be binding on and inure to the benefit of the Parties to it, their successors, heirs or assignees.

IT IS SO STIPULATED:

Dated: June 6, 2008

J. Andrew Coombs, A Professional Corp.

By: _____
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

Dated: _____, 2008

Tracy Jackson a/k/a Tracy Oakley, an individual and d/b/a TopOfTheLineFashions

By: _____
    Tracy Jackson
Defendant, *in pro se*

The Court, having read and considered the Joint Stipulation Re Entry Of Consent Decree; [Proposed] Consent Decree And Permanent Injunction that has been executed by Plaintiff Louis Vuitton Malletier, S.A.("Louis Vuitton") and Defendant Tracy Jackson a/k/a Tracy Oakley, an individual and d/b/a TopOfTheLineFashions ("Defendant") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to the Defendant, her successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1331, 1338 and 1367. Service of process was properly made against the Defendant.

2) Louis Vuitton claims that it owns or controls the pertinent rights in and to the trademarks listed in Exhibit A attached hereto and incorporated herein by this reference. The trademarks identified in Exhibit A are collectively referred to herein as the "Louis Vuitton Trademarks."

3)     Louis Vuitton claims that it owns or controls the pertinent rights in any to the copyrights listed in Exhibit B attached hereto and incorporated herein by this reference.  The copyrights identified in Exhibit B are collectively referred to herein as the "Louis Vuitton Coppyrights."  The Louis Vuitton Trademarks and Louis Vuitton Copyrights are collectively referred to herein as the "Louis Vuitton Properties."

4)     Louis Vuitton has alleged that the Defendant has made unauthorized uses of the Louis Vuitton Properties or substantially similar likenesses or colorable imitations thereof.

5)     The Defendant and her agents, servants employees and all persons in active concert and participation with her who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a)     Infringing the Louis Vuitton Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Louis Vuitton Properties ("Unauthorized Products"), and, specifically from:

        i)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Louis Vuitton Properties;

        ii)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Louis Vuitton Properties;

        iii)     posting any links to websites which offer product purporting to be Plaintiff's product or any imitation or replica thereof;

        iv)     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendant's customers and/or members of the public to believe, the actions of the Defendant, the products sold by the

Louis Vuitton v. Gurson, et al.: Stipulation and Consent Decree          - 4 -

Defendant, or the Defendant herself is connected with Louis Vuitton, is sponsored, approved or licensed by Louis Vuitton, or is affiliated with Louis Vuitton;

v) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Louis Vuitton.

b) diluting and infringing the Louis Vuitton Properties and damaging Louis Vuitton's goodwill, reputations and businesses; and

c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Consent Decree.

6) Each side shall bear its own fees and costs of suit.

7) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice as to the Defendant.

8) This Injunction shall be deemed to have been served upon the Defendant at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against the Defendant.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

11) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should the Defendant default under the terms of the Settlement Agreement.

Louis Vuitton v. Gurson, et al.: Stipulation and Consent Decree   - 5 -

12) This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

                                                  Hon. Vaughn R. Walker
                                                Chief Judge, United States District Court
                                                for the Northern District of California

PRESENTED BY:
J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.


Tracy Jackson a/k/a Tracy Oakley,
an individual and d/b/a TopOfTheLineFashions

By: _____
    Tracy Jackson
Defendant, in pro se

# EXHIBIT A

| TRADEMARK | REGISTRATION NUMBER | TRADEMARK PICTURE | CLASS OF GOODS |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) in a Circle Design | 286,345 | | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 297,594 | | 18 |
| LOUIS VUITTON | 1,045,932 | LOUIS VUITTON | 18 |
| Louis Vuitton (Interlocked Letters) Design | 1,519,828 | | 18 |
| LOUIS VUITTON MALLETIER A PARIS in Rectangle Design | 1,615,681 | LOUIS VUITTON MALLETIER A PARIS | 16, 18 |
| Louis Vuitton (Interlocked Letters) on Epi Leather Design | 1,655,564 | | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Pattern Design | 1,770,131 | | 25 |

Louis Vuitton v. Gurson, et al.: Stipulation and Consent Decree     - 7 -

| TRADEMARK | REGISTRATION NUMBER | TRADEMARK PICTURE | CLASS OF GOODS |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) Design | 1,794,905 | LV | 16, 25 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 1,875,198 | [Monogram Canvas pattern] | 16 |
| Louis Vuitton (Interlocked Letters) | 1,938,808 | LV | 14, 24 |
| LOUIS VUITTON World Mark | 1,990,760 | LOUIS VUITTON | 16, 18, 24, 25 |
| Louis Vuitton (Interlocked Letters) Design | 2,291,907 | LV | 34 |
| LOUIS VUITTON | 2,303,212 | LOUIS VUITTON | 34 |
| Louis Vuitton (Interlocked Letters) Design | 2,361,695 | LV | 25 |

| TRADEMARK | REGISTRATION NUMBER | TRADEMARK PICTURE | CLASS OF GOODS |
|---|---|---|---|
| LOUIS VUITTON PARIS and Damier (pattern design) | 2,378,388 | [Damier pattern image] | 18 |

# EXHIBIT B

| Copyright | Reg. No. | Date Published | Date Registered |
|---|---|---|---|
| Multicolor Monogram – Black Print | VA 1-250-121 | 12/18/02 | 06/24/04 |
| Multicolor Monogram – White Print | VA 1-250-120 | 12/18/02 | 06/24/04 |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Avenue, Suite 202 Glendale, California 91206.

On June 6, 2008, I served on the interested parties in this action with the:

JOINT STIPULATION RE ENTRY OF CONSENT DECREE; [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION

for the following civil action:

<u>Louis Vuitton Malletier, S.A. v. Doktor Gurson, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Doktor Gurson, an individual and d/b/a InexpensiveDomains<br>2611 Intrigue Lane<br>Brentwood, CA 94513 | InexpensiveDomains.com, LLC, a California limited liability company<br>2611 Intrigue Lane<br>Brentwood, CA 94513 |
|---|---|
| Tracy Jackson a/k/a Tracy Oakley, an individual and d/b/a TopOfTheLineFashions<br>2117 Fern Tree Court<br>Bakersfield, CA 93304 | |

Place of Mailing: Glendale, California
Executed on June 6, 2008 at Glendale, California.

_____
Annie S. Wang